UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CORDELL SANDERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 1:25-cv-01373-SEM<br>) |
| CARTER *et al.*,<br>    Defendants. | )<br>)<br>) |

ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court are Motions to Reinstate Case (Doc. 5), for Reconsideration (Doc. 6), for Hearing (Doc. 7), and for Status (Doc. 8) filed by Plaintiff Cordell Sanders, a prisoner at Menard Correctional Center ("Menard").

For the following reasons, Plaintiff's Motion to Reinstate Case (Doc. 5) is granted. The Clerk of the Court is directed to reopen Plaintiff's case. Plaintiff's Motions for Reconsideration (Doc. 6), Hearing (Doc. 7), and Status (Doc. 8) are MOOT. Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a federal claim on which relief may be granted, but Plaintiff has thirty days from the entry of the Court's Order to file a Motion for Leave to File an Amended Complaint that complies with the Court's guidance.

Page **1** of **11**

# I. BACKGROUND

## A. Plaintiff's Filing in the Southern District of Illinois

On September 8, 2025, Plaintiff filed a Complaint (Doc. 1) in the United States District Court for the Southern District of Illinois, alleging that officials at Pontiac Correctional Center ("Pontiac") violated his constitutional rights. On the date of his filing, Plaintiff was incarcerated at Menard. (*Id.* at 4.) *See Sanders v. Carter*, case No. 25-01755 (S.D. Ill.).

On September 9, 2025, the Southern District Court directed Plaintiff to either pay the $405 filing fee or file a petition to proceed *in forma pauperis* ("IFP"). (*Id.* at Doc. 3.) Two days later, the Southern District transferred Plaintiff's case to the Central District Court. (*Id.* at Doc. 4.) On September 22, 2025, the Southern District recorded Plaintiff's payment of $405 in case No. 25-01755.

Plaintiff's transferred case was docketed as Central District Court case No. 25-1390 and assigned to District Court Judge Michael M. Mihm. On September 15, 2025, Judge Mihm entered the following order:

> On 9/15/2025, this case was transferred to
> the Central District of Illinois from the
> Southern District of Illinois. (See Sanders v.

> Carter, et al., SDIL Case No. 25-01755). Plaintiff's Complaint 1 is identical to the Complaint he filed in this Court on 9/8/2025 in Sanders v. Carter, et al., CDIL Case No. 25-1373, which is currently pending before Judge Sue E. Myerscough. It appears that Plaintiff mailed identical complaints to the Southern District of Illinois and the Central District of Illinois. Therefore, the Clerk is directed to close this case, as it is duplicative of Case No. 25-1373. No judgment needs to be entered. No filing fee is assessed.

*Id.*

On November 14, 2025, Plaintiff filed a Motion to Reconsider in case No. 25-1390, which the district court denied on the same grounds noted in its September 15, 2025, Order.

### B. Plaintiff's Filing in the Instant Case

On September 8, 2025, Plaintiff filed a Complaint (Doc. 1) in the Central District of Illinois, alleging that several correctional officers at Pontiac violated his constitutional rights. (Pl. Compl., Doc. 1.)

The same day Plaintiff filed his pleading, the Court sent Plaintiff a Notice of Case Opening (Doc. 2) and entered a separate Order, directing the following:

> Plaintiff has filed a Complaint but has not paid the $405 filing fee nor filed a petition to

> proceed [IFP]. Within 21 days of the entry of this order, Plaintiff must pay the $405 filing fee in full or file a petition to proceed [IFP] with attached trust fund ledgers for the last 6 months. Failure to comply without good cause will result in dismissal of this case without prejudice, and the Plaintiff will still be responsible for payment of the filing fee. See 28 U.S.C. Sec. 1914. The Clerk is directed to send Plaintiff the forms for proceeding [IFP].

*See* September 8, 2025, Text Order. In accordance with the Court's instructions, the Clerk of the Court sent Plaintiff an IFP Petition to Plaintiff at Menard (Doc. 3).

On November 17, 2025, after the September 29, 2025, deadline for Plaintiff to comply with the Court's Order expired, the Court entered the following Order:

> On September 8, 2025, the Court directed Plaintiff to either pay the $405 filing fee or file a Petition to Proceed … IFP. The Court advised Plaintiff that failure to comply would result in the dismissal of his case. The Court's Order was sent to Plaintiff at Menard Correctional Center, where Plaintiff is incarcerated. See Individual in Custody Search for Cordell Sanders, IDOC No. R41346, https://idoc.illinois.gov/offender/inmatesearch.html (last visited November 14, 2025) (showing Plaintiff's parent institution as Menard). However, Plaintiff has not complied. Accordingly, the Court dismisses Plaintiff's case for his failure to comply with the Court's order.

*See* November 17, 2025, Text Order.

## II. POST JUDGMENT MOTIONS

### A. Motion to Reinstate

In Plaintiff's Motion to Reinstate, he claims he did not receive the Court's September 8, 2025, Order, directing him to either file an IFP Petition or pay the filing fee in full. (Doc. 5 at 2.) Plaintiff also appends a letter with an annotation from Menard that confirms Plaintiff's letter was sent to the Southern District Court on October 21, 2025. Plaintiff's correspondence requested that the $405 filing fee posted to case No. 25-01755 be transferred to the Central District. (*Id.* at 1.) This Court's review of the Southern District case No. 25-01755 does not show Plaintiff's letter docketed in that case, nor does case 25-1390 or the instant case show receipt of the $405 filing fee.

Regardless, because Plaintiff has shown that he paid the $405 filing fee that he then attempted to have transferred to this Court, Plaintiff's Motion to Reinstate Case (Doc. 5) is granted. The Court directs the Clerk of the Court to reopen Plaintiff's case. Plaintiff's subsequent Motions for Reconsideration (Doc. 6), Hearing (Doc. 7), and Status (Doc. 8) are moot given the Court ruling on Plaintiff's Motion to Reinstate Case.

### III. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's Complaint identifies the following Pontiac Defendants: Corrections Lieutenant Zimmermann and Corrections Officers Allsup, Carter, and Slayton.

On October 31, 2024, Defendants Carter and Slayton told Plaintiff that he was being transported for a medical appointment.

At that time, Plaintiff claims he was wearing only boxer shorts but got dressed "under the watchful eye of Carter and Slayton." (Pl. Compl., Doc. 1 at 2.) Carter then applied hand and leg restraints, and both Carter and Slayton escorted Plaintiff for a body scan X-ray that did not detect any contraband.

Thereafter, Defendants Carter and Slayton escorted Plaintiff to another building where Carter conducted a strip and inspected Plaintiff's clothes and shoes, as Slayton and Defendant Zimmerman observed, which did not reveal any contraband. After the strip search, Defendants Carter and Slayton took Plaintiff to see Defendant Allsup, who performed a pat-down search "by rubbing her hands all over Plaintiff's body [and] uniform." (*Id.*)

Plaintiff was then transported to an orthopedic facility in Peoria, Illinois. Upon his return to Pontiac, Plaintiff states that he was subjected to the same searches but in reverse, which did not detect any contraband. Plaintiff claims the number of searches performed was unreasonable given the full-body scan. (*Id.* at 3.)

### C. Analysis

In *Bell v. Wolfish*, 441 U.S. 520, 542 (1979), "the Supreme Court held that requiring inmates to submit to so serious an

intrusion as body-cavity searches after every contact visit with a person outside the institution did not violate the Fourth Amendment." *Smith v. Fairman*, 678 F.2d 52, 54 (7th Cir. 1982). "In light of this holding, [a prisoner] clearly has no ground on which he could challenge the mere fact that he was frisked . . . ." *Id.*

Further, "a pat-down search of a male inmate by a female guard, excluding the genital area . . . clearly falls short of the kind of shocking, barbarious treatment proscribed by the Eighth Amendment." *Id.* at 53. As such, "requiring [a prisoner] to submit to a limited frisk-type search by a female guard infringes upon no right guaranteed by the Constitution." *Id.* at 55.

Even so, a pat-down search may run afoul of the Constitution, for example, if the officer grabs the prisoner's genitals or conducts the search in a harassing, degrading manner unrelated to legitimate security needs, which would violate constitutional standards regardless of the gender of the officer searching. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (reversing grant of summary judgment to guard because sufficient evidence existed that guard touched inmate's private parts to humiliate inmate or to gratify guard's sexual desires); *Calhoun v. DeTella*, 319 F.3d 936,

939 (7th Cir. 2003) (holding that a plaintiff states a claim on allegations strip search conducted in harassing manner intended to humiliate and inflict psychological pain).

Plaintiff fails to state a claim against the Defendants Allsup, Carter, Slayton, and Zimmermann, as he does not claim, and his account does not permit the inference that the searches performed were conducted in a manner intended to humiliate or inflict psychological pain. Instead, Plaintiff alleges a constitutional violation based on the number of searches performed, which, without more, fails to state a plausible claim for relief.

Consequently, Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended Complaint. If Plaintiff elects to file, his second amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without referring to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the persons involved. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th

Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Reinstate Case (Doc. 5) is GRANTED. The Clerk of the Court is DIRECTED to reopen Plaintiff's case.**

2) **Plaintiff's Motions for Reconsideration (Doc. 6), Hearing (Doc. 7), and Status (Doc. 8) are MOOT.**

3) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as**

**required by 28 U.S.C. § 1915A(b)(1).**

4) **Plaintiff has thirty days from the entry of the Court's Order to file a Motion for Leave to File an Amended Complaint that complies with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED February 3, 2026.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE