E-FILED
Monday, 06 April, 2026 01:43:12 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| **CORDELL SANDERS,**<br>    **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **Case No. 1:25-cv-01373-SEM** |
| | ) |
| **CARTER** *et al.*, | ) |
|     **Defendants.** | ) |

**ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended
Complaint (Doc. 10) filed by Plaintiff Cordell Sanders, a prisoner at
Menard Correctional Center ("Menard").

Plaintiff's Motion for Leave to File an Amended Complaint
(Doc. 10) is granted. However, because the Court concludes that his
amendment fails to state a claim for relief, Plaintiff's amended
complaint is dismissed.

## I. BACKGROUND

In September 2025, Plaintiff filed a Complaint (Doc. 1).
Therein, Plaintiff explained that on October 31, 2024, he prepared
to leave Pontiac Correctional Center ("Pontiac") for a medical
appointment. Plaintiff noted that, from the time he left his cell until

he was placed in the transport vehicle, he was searched three times: an X-ray scan, a strip search, and a pat-down, which were repeated upon his return to Pontiac. Plaintiff claims these repeated searches were unreasonable and unnecessary, given the continuous observation he was under during his transport. (Pl. Compl., Doc. 1 at 2-3:1-9.)

The Court dismissed Plaintiff's pleading at Merit Review screening, concluding that Plaintiff's allegations regarding the number of searches performed, without more, failed to state a plausible claim for relief. (Mer. Rev., Doc. 9 at 9.) Despite the Court's dismissal, Plaintiff was given thirty days to file an amended pleading, which Plaintiff has accomplished.

## II. AMENDED COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's amended pleading leaves undisturbed his account of what occurred on October 31, 2024, as noted in his initial pleading, and his identification of the following Pontiac officials: Lieutenant Zimmermann and Officers Allsup, Carter, and Slayton.

On October 31, 2024, Defendants Carter and Slayton told Plaintiff that he was being transported for a medical appointment. At that time, Plaintiff claims he was wearing only boxer shorts but got dressed "under the watchful eye of Carter and Slayton." (Pl. Compl., Doc. 10 at 3.) Carter then applied hand and leg restraints, and both Carter and Slayton escorted Plaintiff for a body scan X-ray that did not detect any contraband. (*Id.*)

Thereafter, Defendants Carter and Slayton escorted Plaintiff to another building where Carter conducted a strip search and

inspected Plaintiff's clothes and shoes, as Slayton and Defendant Zimmerman observed. After Carter's search did not reveal any contraband, Carter and Slayton took Plaintiff to see Defendant Allsup, who performed a pat-down search "by rubbing her hands all over Plaintiff's body [and] uniform." (*Id.*)

Plaintiff was then transported to an orthopedic facility in Peoria, Illinois. Upon his return to Pontiac, Plaintiff states that he was subjected to the same searches but in reverse order, which did not detect any contraband.

### C. Analysis

The only relevant change to Plaintiff's amended pleading from his initial pleading was his added assertion "that the strip searches were not done for security purposes" but instead "to humiliate and harass and degrade ... Plaintiff." (*Id.* at 4:10.)

However, "[t]o state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.'" *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Instead, a plausible claim must include 'factual content' sufficient to allow the

court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston*, 741 F.3d at 772 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft*, 556 U.S. at 678).

Plaintiff provides no facts that establish or permit the inference that Defendant Carter's strip search or Defendant Allsup's pat down on October 31, 2024, were conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Additionally, based on Plaintiff's account, Defendants Slayton and Zimmerman never searched Plaintiff's person but were merely present and observed. In other words, Plaintiff fails to state a cause of action against Allsup, Carter, Slayton, or Zimmerman based on the facts alleged.

Accordingly, the Court dismisses Plaintiff's amended complaint. Although the Court has the discretion to permit Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in

Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's Amended Complaint under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58. Plaintiff remains responsible for any unpaid balance of the $350 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could**

**suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED April 6, 2026.


s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE